# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| VICTOR LEITH, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4399-CV-S-FJG |
| | ) | |
| STATE OF MISSOURI HIGHWAY PATROL, | ) | |
| et al., | ) | |
| | ) | |
|     Defendants. | ) | |

## **ORDER**

Currently pending before the Court is defendants' Motion for Summary Judgment (Doc. No. 24) and defendants' suggestions in support of their motion (Doc. No. 26).

## I. BACKGROUND

On August 28, 2005, Missouri State Highway Patrol Officer Spurgeon stopped plaintiff Victor Leith for not having a license plate. Plaintiff had a handmade "license plate" on his motor vehicle, a Honda van. As stated by plaintiff in his deposition, the handmade plate read "Private. Not for hire. 18USC31" and below these words read "UCC7-103". Plaintiff also did not have a title for his vehicle or a valid driver's license. Officer Spurgeon then arrested plaintiff for driving without a license, failing to register his motor vehicle, and failing to title his motor vehicle. Plaintiff admits that he did not register or title his vehicle in the State of Missouri. Plaintiff also admits he was driving without a license. Prior to this incident, plaintiff did have a driver's license for many years but let his license expire because he believed he did not need a driver's license. Based on plaintiff's understanding of the law, he believes he is not subject to the Missouri licensing laws.

On October 12, 2005, a state court found plaintiff guilty of three misdemeanors for driving without a license and failing to register or title his vehicle in Gasconade County, Missouri. At the state trial, plaintiff represented himself. Plaintiff did not appeal his conviction of those charges.

Plaintiff is a pro se plaintiff and seeks a declaratory judgment in this action "to enjoin the corporate state of Missouri to abide by the laws of Missouri state" and to declare what the law is with regard to private automobiles and motor vehicles. (Docs. No. 19, 27). Plaintiff also alleges violation of his First, Fourth, Eighth, Ninth, and Fourteenth Amendment rights.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light

2

most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

### III. DISCUSSION

Under the U.S. Constitution, states are immune from suits commenced or prosecuted against them by their citizens. Alden v. Maine, 527 U.S. 706, 119 S. Ct. 2240 (1999). Defendants argue that they are immune from suit pursuant to the Eleventh Amendment. The Eleventh Amendment provides:

> The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. The Supreme Court has interpreted this Amendment to prohibit suits against a state by a state's own residents in federal court. Hans v. Louisiana, 134 U.S. 1, 15-16 (1890).

In certain circumstances, where Congress has "unequivocally expresse[d] its intent to abrogate the immunity" in the relevant statute, the Eleventh Amendment will not operate as a bar to suit against a state. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 55 (1996) (quoting Green v. Mansour, 474 U.S. 64, 68 (1985)). However, plaintiff fails to point to any authority demonstrating any Congressional intent to abrogate immunity in any statute relevant to this case. The Court agrees with defendants that they are protected by Eleventh Amendment immunity. The Department of Revenue and the Missouri Highway Patrol are instrumentalities of the state, and are thus entitled to Eleventh Amendment immunity. See Texas Community Bank, N.A. v.

3

Missouri Dep't of Social Services, Division of Medical Services, 232 F.3d 942, 943 (8th Cir. 2000) citing Edelman v. Jordan, 415 U.S. 651 (1974). Therefore, the Court finds that plaintiff's suit is barred.

Defendant also asserts that in enacting 42 U.S.C. § 1983, Congress "had no intention to disturb the States' Eleventh Amendment immunity." Will v. Michigan Dept. Of State of Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d (1989). The Court agrees. Thus to the extent, plaintiff's Complaint sets out a claim under 42 U.S.C § 1983, plaintiff's suit is also barred because a state entity is not a "person" within the meaning of Section 1983. Will, 491 U.S. at 70.

Although the Court need not reach the merits of this case as plaintiff's suit is barred by Eleventh Amendment immunity, the Court would also add that plaintiff's suit is frivolous and meritless. Plaintiff wrongly believes that he may drive his unregistered vehicle without a valid driver's license and without a title on the public highways in Missouri. Plaintiff argues that he is not subject to Missouri licensing laws because his car is not a motor vehicle given that it is not used in commerce. Plaintiff relies on UCC provisions 9-109 and 7-103 as well as 18 U.S.C. § 31 to argue that his car is not a motor vehicle. Plaintiff's understanding of the law is seriously mistaken. While these statutes may define motor vehicles differently, the motor vehicle definitions used in the UCC provisions as well as 18 U.S.C. § 31 do not apply to plaintiff. As a citizen of Missouri, plaintiff must abide by the motor vehicle definition in the Missouri licensing laws.

Further, driving a motor vehicle is a privilege subject to conditions rather than an automatic right. Penner v. King, 695 S.W.2d 887, 891 (1985) (where the Supreme

4

Court of Missouri stated that the "[o]peration of a motor vehicle on the highways of the state is a privilege which is subject to conditions in the public interest."). In Missouri, state courts have also affirmed convictions of residents who asserted a right to drive without a driver's license. State v. Joos, 120 S.W.3d 778, 781 (Mo. App. SD 2003); State v. Davis, 745 S.W.2d 249, 250 (Mo. App. SD 1988). Therefore, if plaintiff seeks the privilege of driving his motor vehicle on the public highways of Missouri, he must abide by Missouri's licensing laws in having a driver's license, proper title, and motor vehicle registration just as all other citizens of Missouri are obligated to do.

## IV. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendants' Motion for Summary Judgment (Doc. No. 24).


Date:  3/20/07  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge